IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DEREK HUTTER,

             Petitioner,

v.

UNITED STATES OF AMERICA,

             Respondent.

No.    3:17-CV-3146-M-BF
        (3:14-CR-495-M(1))

**Referred to U.S. Magistrate Judge**

## RESPONSE TO MOTION UNDER 28 U.S.C. § 2255

Respectfully submitted,

ERIN NEALY COX
United States Attorney

*s/ Amy Burch*
Amanda (Amy) R. Burch
Assistant United States Attorney
Texas Bar No. 24031900
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401
Telephone: (806) 472-7322
Facsimile: (806) 472-7351
E-mail: amy.burch@usdoj.gov

## <u>TABLE OF CONTENTS</u>

**Page**

TABLE OF AUTHORITIES.................................................................................iii

RESPONSE TO MOTION UNDER 28 U.S.C. § 2255 ..................................... 1

STATEMENT OF THE CASE ........................................................................... 1

STATEMENT OF THE ISSUE ......................................................................... 2

STATEMENT OF THE FACTS ........................................................................ 2

ARGUMENT AND AUTHORITIES ................................................................ 5

      1.     Hutter fails to prove ineffective assistance of counsel with respect to the knowing and voluntary nature of his guilty plea........................................... 7

      2.     Hutter received the effective assistance of counsel at sentencing.............. 13

      3.     Any objection based on the Court's consideration of the full facts and circumstances of the case would have been meritless, and counsel is not ineffective for failing to make meritless objections ................................... 15

CONCLUSION ................................................................................................ 16

CERTIFICATE OF SERVICE ......................................................................... 17

## <u>TABLE OF AUTHORITIES</u>

**Federal Cases**                                                                 **Page(s)**

*Bousley v. United States*, 523 U.S. 614 (1998) ................................................... 8

*Bradshaw v. Stumpf*, 545 U.S. 175 (2005) .......................................................... 7

*Clark v. Collins*, 19 F.3d 959 (5th Cir. 1994)................................................... 16

*Clay v. United States*, 537 U.S. 522 (2003)........................................... 1, 2, 4, 5

*Cullen v. Pinholster*, 563 U.S. 170 (2011) ..................................................... 6, 7

*Hill v. Lockhart*, 474 U.S. 52 (1985) ............................................................... 11

*Massaro v. United States*, 538 U.S. 500 (2003) ................................................. 6

*Miller v. Johnson*, 200 F.3d 274 (5th Cir. 2000) ............................................... 7

*Padilla v. Kentucky*, 559 U.S. 356 (2010) ......................................................... 7

*Savino v. Murray*, 82 F.3d 593 (4th Cir. 1996) ............................................... 11

*Strickland v. Washington*, 466 U.S. 668 (1984)........................................ 6, 7, 13

*United States v. Abreo*, 30 F.3d 29 (5th Cir. 1994) ....................................... 8, 9

*United States v. Addonizio*, 442 U.S. 178 (1979) .............................................. 6

*United States v. Amaya*, 111 F.3d 386 (5th Cir. 1997)...................................... 8

*United States v. Capua*, 656 F.2d 1033 (5th Cir. Unit A 1981) ........................ 6

*United States v. Cervantes*, 132 F.3d 1106 (5th Cir. 1998) ......................... 8, 12

*United States v. Frady*, 456 U.S. 152 (1982) .................................................... 6

*United States v. Gracia*, 983 F.2d 625 (5th Cir. 1993) ..................................... 8

*United States v. Hughes*, 635 F.2d 449 (5th Cir. Unit B 1981)......................... 7

**Federal Cases, continued**                                                **Page(s)**

*United States v. Hutter*, 668 F. App'x 143 (5th Cir. 2016) .............................................1, 5

*United States v. Palmer*, 456 F.3d 484 (5th Cir. 2006) .......................................................8

*United States v. Placente*, 81 F.3d 555 (5th Cir. 1996).......................................................6

*United States v. Stewart*, 207 F.3d 750 (5th Cir. 2000) ......................................................7

*United States v. Windless*, 719 F.3d 415 (5th Cir. 2013) ..................................................15

**Federal Statutes**

28 U.S.C. § 2255(f)(1).........................................................................................................1

## RESPONSE TO MOTION UNDER 28 U.S.C. § 2255

Derek Hutter, through counsel, seeks to set aside his conviction and sentence under 28 U.S.C. § 2255, alleging that he received ineffective counsel when his attorney: (1) failed to advise him of the available defenses in the case, thereby causing him to enter an unknowing and involuntary guilty plea; (2) failed to present mitigating evidence at sentencing; and (3) failed to object to the Court's consideration of an allegedly impermissible factor at sentencing.  (CV No. 1.)[1]  Because he fails to prove deficient performance and resulting prejudice, his motion should be denied.

## STATEMENT OF THE CASE

After originally being indicted for attempted production and receipt of child pornography, Hutter entered a plea agreement under which he pled guilty to a superseding information charging enticement of a minor, in violation of 18 U.S.C. § 2422(b).  (CR Nos. 1, 16-17, 19, 22, 46.)  The court imposed a 264-month sentence, which was near the bottom of his advisory guideline range.  (CR No. 47 at 28-30.)  The Fifth Circuit affirmed on August 16, 2016.  *United States v. Hutter*, 668 F. App'x 143 (5th Cir. 2016).  His conviction became final on November 14, 2016, when his time for seeking additional appellate review expired.  *Clay v. United States*, 537 U.S. 522, 525 (2003).  He timely filed his Section 2255 motion on November 13, 2017. (CV No. 1); 28 U.S.C. § 2255(f)(1).

---

[1] "CR No.____" refers to the docket of the underlying criminal proceeding, *United States v. Hutter*, No. 3:14-CR-495-M(1). "CV No.____" refers to the docket of this Section 2255 action.

## STATEMENT OF THE ISSUE

Hutter alleges that he received constitutionally infirm assistance of counsel in three ways.  First, he claims that his lawyer failed to advise him of the available defenses in his case.  (CV No. 1 at 4-8.)  Second, he claims that counsel was ineffective by failing to present mitigating evidence including a psycho-sexual evaluation and statistical evidence of other similar cases during the sentencing hearing.  (*Id.* at 9.)  Third, he claims that counsel failed to object to the Court's consideration of an impermissible factor during the sentencing hearing.  (*Id.* at 10-13.)

## STATEMENT OF THE FACTS

According to the facts to which Hutter stipulated under oath, he was a youth minister at the South Garland Baptist Church.  (CR No. 19 at 2.)  Jane Doe was a thirteen-year-old girl who participated in Hutter's youth group, and Hutter was aware of her age.  (*Id.*)  Hutter used his cell phone, the internet, and email to communicate with Jane Doe, and during these conversations, he convinced her to have a sexual relationship with him.  (*Id.*)  He sexually assaulted her on several occasions over a nine-month period by penetrating her genitals with his penis.  (*Id.*)

Additionally, Hutter emailed Jane Doe and graphically requested sexually explicit and lewd photographs of her naked and in different sexual positions.  (*Id.*)  In particular, in August 2014, he asked her to send photos that showed her placing objects in her anus, putting her panties inside her genitals, putting her fingers inside her genitals and anus, and taking a photo of herself lubricated and naked.  (*Id.* at 2-3.)

On October 8, 2014, the Sachse Police Department searched Jane Doe's tablet

2

computer and cellular telephone and found an email sent from Hutter detailing pictures he wanted Jane Doe to send him as well as the explicit images that Jane Doe sent at Hutter's request.  (PSR ¶¶ 18-19).  A search warrant was executed on Hutter's cell phone, and a forensic extraction phone revealed hidden nude photos of Jane Doe as well as Google searches on how to permanently delete pictures and files. (PSR ¶ 25).  Officers also learned that, prior to Jane Doe's interview by the Dallas Children's Advocacy Center, Hutter asked her to lie about their sexual involvement and to fabricate a story to protect him from criminal charges.  (PSR ¶ 32.)  He instructed her to suggest that his email account had been "hacked."  (PSR ¶ 32.)

Although he was originally charged with attempted production and receipt of child pornography—charges that would have subjected him to a 15 year mandatory minimum sentence—his attorney negotiated a favorable plea agreement that allowed him to plead guilty to enticement, which subjected him to a lower mandatory minimum sentence of 10 years.  (PSR ¶¶ 81, 83.)  At rearraignment, while under oath, Hutter affirmed that:

- he understood and wished to waive his constitutional rights associated with a trial, (CR No. 46 at 5-6);

- he understood that his sentence was within the full discretion of the Court, (*id.* at 7-8);

- he committed each essential element of the crime of enticement of a child, (*id.* at 11-12);

- his plea was not induced by pressure, threats, force, or coercion, and he was voluntarily pleading guilty because he was, in fact, guilty, (*id.* at 12);

- he was voluntarily pleading guilty by his own free will, (*id.* at 16);

- he had read and signed the plea agreement and plea supplement and was comfortable that he understood everything stated therein, (*id.* at 14);

- he understood the minimum and maximum penalties associated with his offense of conviction, (*id.* at 18);

- he read and signed the factual resume, and the facts set forth therein were true and correct, (*id.* at 19).

Hutter's written plea agreement contained many of the same assurances, including that his plea was being "freely and voluntarily made[,]" and that he had "thoroughly reviewed all legal and factual aspects of [his] case" and was "fully satisfied with [his] lawyer's legal representation." (CR No. 18 at 4-5.) He also "concede[d] that he is guilty," and "concluded that it is in his best interest to enter the plea agreement and all its terms rather than proceed to trial in this case." (*Id.* at 5.) The Court thus found that Hutter's guilty plea was knowing, voluntary, and factually supported. (CR No. 46 at 19-20.)

At the time of his interview for the presentence report, Hutter provided a written statement to the probation officer:

> I'm pleading guilty because I am guilty. Hopefully over 20 years of service to my community and society will show that this is not indicative of my usual behavior. I regret the pain and suffering that this has caused the victim, her family, as well as my own family. I can only ask that the court grant me mercy, grace and compassion as I work persistently to better myself and return to my family as quickly as possible.

(PSR ¶ 34.) At sentencing, Hutter said that he "took full responsibility" for his actions and "express[ed] sincere regret for the pain that has been felt." (CR No. 47 at 15.) He also indicated his understanding that "disobedience requires punishment." (*Id.*)

4

The Court imposed a 264-month sentence, which was at the low end of the advisory guideline range.  (CR 46 at 30.)  In explaining the sentence, the Court made clear where the blame should rest:

> There is no comfort to be obtained by anyone thinking that "Jane" bears any—any responsibility for what happened here.  She is a child.  She is legally and factually incapable of consenting to you or inducing your behavior.  You were the only adult in the transaction, and you are completely responsible.

(CR No. 47 at 23.)  The Court explained that "[f]or all intents and purposes, although the crime is charged differently in federal court, you raped a child."  (*Id.* at 24.)  The Court also emphasized the circumstances of the crime noting that it was committed "in the context of a position of ultimate trust, a minister, a youth minister[,]" and noting that it could not even "think of a structure in which a person should be expected to exercise more exemplary behavior than that."  (*Id.*)

Hutter filed a notice of appeal, but appellate counsel could find no non-frivolous issue to raise, and after a review of the record, the appellate court agreed.  *Hutter*, 668 F. App'x at 143.

## ARGUMENT AND AUTHORITIES

### Standard of review

Under 28 U.S.C. § 2255, a prisoner may move the convicting court to vacate, set aside, or correct his conviction or sentence.  The statute provides four grounds for relief: "(1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is 'otherwise subject to

collateral attack.'"  *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996) (citation

omitted).  It has "long been settled law that an error that may justify reversal on direct

appeal will not necessarily support a collateral attack on a final judgment."  *United States*

*v. Addonizio*, 442 U.S. 178, 184 (1979).  This means that a post-conviction motion under

Section 2255 "does not offer recourse to all who suffer trial errors."  *United States v.*

*Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A 1981).  It may also "not do service for an

appeal."  *United States v. Frady*, 456 U.S. 152, 165 (1982).  After conviction and the

exhaustion or waiver of all appeals, the Court is "entitled to presume" that the prisoner

"stands fairly and finally convicted."  *Id.* at 164.  Instead, Section 2255 is "reserved for

transgressions of constitutional rights and for that narrow compass of other injury that

could not have been raised on direct appeal and, would, if condoned, result in a complete

miscarriage of justice."  *Capua*, 656 F.2d at 1037.

Ineffective-assistance-of-counsel claims are constitutional claims recognized

under Section 2255.  *Massaro v. United States*, 538 U.S. 500, 504 (2003).  Such claims

require the prisoner to prove that his attorney's performance was constitutionally

deficient and that he suffered actual prejudice as a result.  *Strickland v. Washington*, 466

U.S. 668, 687 (1984).  The Supreme Court has repeatedly "made clear that the purpose of

the effective assistance guarantee of the Sixth Amendment is not to improve the quality

of legal representation" but only to "ensure that criminal defendants receive a fair trial."

*Cullen v. Pinholster*, 563 U.S. 170, 189 (2011).  Accordingly, "the benchmark for

judging any claim of ineffectiveness must be whether counsel's conduct *so undermined*

the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* (emphasis in original).

To prove prejudice, a defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. This showing "requires a substantial, not just conceivable, likelihood of a different result." *Cullen*, 563 U.S. at 189.

Simply making "conclusory allegations" of deficient performance and prejudice is insufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000). "Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). The claim fails if the prisoner does not satisfy either the deficient-performance or prejudice prongs. *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). The reviewing court need not address both components if there is an insufficient showing on one. *Id.*

A Section 2255 motion does not automatically require a hearing. *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. Unit B 1981). "When the files and records of a case make manifest the lack of merit of a Section 2255 claim, the trial court is not required to hold an evidentiary hearing." *Id.*

**Discussion**

1. **Hutter fails to prove ineffective assistance of counsel with respect to the knowing and voluntary nature of his guilty plea.**

A guilty plea is valid if entered voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw*

*v. Stumpf*, 545 U.S. 175, 183 (2005).  A guilty plea is made intelligently when the defendant has "real notice of the true nature of the charge against him," *Bousley v. United States*, 523 U.S. 614, 618 (1998), and it is made voluntarily when it does not result from force, threats, improper promises, misrepresentations, or coercion, *United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997).  Compliance with Rule 11 of the Federal Rules of Criminal Procedure provides "prophylactic protection for the constitutional rights involved in the entry of guilty pleas."  *United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993).

A defendant's "solemn declarations" under oath are afforded the "strong presumption of verity," so any recantation must be corroborated by independent and reliable evidence.  *See United States v. Palmer*, 456 F.3d 484, 491 (5th Cir. 2006); *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (reasoning that absent independent evidence containing indicia of reliability, a prisoner "will not be heard to refute his testimony given at a plea hearing while under oath").  Courts also presume the regularity of court documents and accord them "great weight."  *See United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily or knowingly).

In stark contrast to his statements made under penalty of perjury at the time of his guilty plea, the facts in his factual resume that he swore under oath were true, and his statements at the time of his PSR interview and sentencing, Hutter now incredibly "denies engaging in an improper sexual relationship with the alleged victim."  (CV No. 1

8

at 4.)  He asserts that counsel advised him, "we can't beat this," and stated the likelihood of a sentence in the five-to-ten-year range with a guilty plea.  (*Id.*)  Hutter felt he "had no other choice" but to enter a guilty plea because his lawyer "told him that he had no defense to the charge in this case."  (*Id.*)  Hutter argues that this advice was incorrect because there were viable defenses to the charges, and had he known of them, he would have proceeded to trial.  (*Id.* at 6.)

Hutter first claims that it was a viable defense that Jane Doe "was engaged in a physical relationship with a boyfriend" that was "about to be exposed[,]" and "to avoid exposure and punishment, . . . falsely informed her parents that she was involved in a relationship with Hutter."  (CV No. 1 at 5.)  He also claims Jane Doe was "caught" with another male at a church retreat and had a "reputation in the community for being untruthful."  (*Id.*)  And he claims that he has "unique anatomical features" that Jane Doe allegedly failed to mention, insinuating that her statements regarding their sexual relationship should be disbelieved.  (*Id.*)  Significantly, Hutter wholly fails to explain how any of this is relevant the original charges—attempted production and receipt of child pornography.  Equally significantly, Hutter provides not one shred of support for these claims.  He does not, for example, provide an affidavit from anyone in the community familiar with Jane Doe's reputation for truthfulness, Hutter's unique anatomical features, or the timing of Jane Doe's accusation of Hutter in connection with the alleged imminent discovery of the boyfriend.  As such, his claims—made solely through his attorneys without any explanation of his unavailability to provide an

9

affidavit—are wholly conclusory, after-the-fact, self-serving statements that are unsupported by any indicia of reliability.

Even if Hutter had provided such evidence in support of his claims, however, his defense attorney's assessment that this evidence was unlikely to result in acquittal—i.e., that Hutter could not "beat this"—is reasonable. Hutter fails to explain any theory on which he believes evidence of Jane Doe's prior sexual conduct would have been admissible in light of Fed. R. Evid. 412, which generally prohibits the admissibility of such evidence. To the extent that he would seek to introduce such evidence to impeach Jane Doe, he fails to overcome the fact that she would not necessarily even have been required to testify in light of the electronic evidence that supported the charges in the original indictment, keeping in mind that, without a plea agreement to the enticement offense, Hutter would have had to proceed to trial on the more serious charges in the indictment. That Jane Doe's testimony was not required to convict him is also fatal to his claim that Jane Doe's allegedly poor reputation for truthfulness would have been a defense at trial. In sum, Hutter fails to show that these proposed "defenses" are actually admissible defenses to the crimes charged in the indictment. He thus fails to show that his attorney gave constitutionally deficient advice by failing to alert him to the purported defenses.

Assuming arguendo that Hutter's claim that Jane Doe "fabricated" their relationship to avoid detection of a boyfriend is true, it still would not explain the lascivious and lewd photos of Jane Doe uncovered on Hutter's phone and graphic emails from Hutter to Jane Doe that pre-dated the alleged imminent discovery of the boyfriend.

To take care of those not-so-small details, Hutter makes more incredible claims—that Jane Doe was addicted to child pornography websites and that everyone in the entire church could have accessed his accounts.  (CV No. 1 at 5-6.)  Again, however, he provides no evidence in support of his claims, such as proof that anyone else had access to his computer and phone.  Additionally, a reasonable defense attorney could easily have discounted these facts as unlikely to be persuasive to a jury in light of the evidence as a whole.  Thus, Hutter fails to establish that his attorney performed deficiently by failing to consider others' accessibility to the electronic media as a defense.

As to prejudice, Hutter fares no better.  In the context of a guilty plea, Hutter must establish prejudice by showing "that there is a reasonable probability that, but for counsel's errors, he would have not pled guilty and would have insisted on going to trial."  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  When the alleged error is the failure to properly advise the defendant regarding potential defenses, prejudice will largely depend on whether defense was likely to have succeeded at trial.  *Id.*  Hutter cites *Savino v. Murray*, 82 F.3d 593, 599 (4th Cir. 1996), in support of his argument that defense counsel has "to advise the defendant so that he can make an informed decision."  But even that case reaffirms the principle that "if there exists no reasonable probability that a possible defense would have succeeded at trial, the alleged error of failing to disclose or pursue it cannot be prejudicial."  *Savino*, 82 F.3d at 599 (citing *Hill*, 474 U.S. at 59).

Here, defense counsel evaluated the case and deemed the evidence overwhelming, making the case "unbeatable." (CV No. 1 at 6).  While Hutter attempts to poke holes in the evidence, under his theory of "viable defenses," a jury would have to believe that: a

11

thirteen-year-old girl hacked her youth minister's email; she sent vulgar messages to herself, to which she responded with lascivious and lewd images; she made up stories about an ongoing sexual relationship with her youth minister that included specific, believable details as to places and times of sexual contact; and that Hutter never saw any of this conduct on his computer and phone or reported any of it to law enforcement until he was accused of sexually assaulting the girl, at which time, instead of presenting the evidence to the police, he attempted to delete it.  Under these circumstances, Hutter cannot demonstrate that counsel's advice regarding the likelihood of acquittal was constitutionally deficient.

Moreover, Hutter's late-coming protestations of innocence stand in direct opposition to the testimony he provided under oath at the time of his guilty plea, and he fails to provide any reliable, third-party evidence in support of his claims that he had viable defenses.  "If the defendant produces independent indicia of the likely merit of his allegations, typically in the form of one or more affidavits from reliable third parties, he is entitled to an evidentiary hearing on the issue." *Cervantes*, 132 F.3d at 1110.  "If, however, the defendant's showing is inconsistent with the bulk of his conduct or otherwise fails to meet his burden of proof in the light of other evidence in the record, an evidentiary hearing is unnecessary." *Id.*

Because he fails to overcome his prior sworn testimony by failing to show that counsel's advice was constitutionally deficient and caused actual prejudice, his claim should be denied.

12

**2.      Hutter received the effective assistance of counsel at sentencing.**

Hutter alleges that defense counsel failed to properly present mitigating evidence during sentencing.  (CV No. 1 at 8).  "Judicial scruinity of counsel's performance must be highly deferential."  *Strickland,* 466 U.S. at 689.  The court must indulge a "strong presumption" that the assistance was professionally reasonable.  *Id.*  Claims of ineffectiveness must be viewed in light of the facts of the case and counsel's conduct at the time.  *Id.* at 690.  A defendant's own actions and statements can influence what counsel will determine is reasonable.  *Id.* at 691.

Hutter claims that "any reasonable attorney would understand the need to conduct a psycho-sexual evaluation" to demonstrate a lack of future dangerousness.  He provides no evidence that such evaluations are routine in this judicial district, such that "any attorney" would engage such an expert.  As the Court will be well aware, many defendants charged with similar offenses plead guilty and are sentenced without any such evaluation.  Further, although Hutter claims that he has since been evaluated and determined to be "not at risk for committing sexual crimes in the future," he provides no detail whatsoever regarding the alleged evaluation, such as when it was conducted and by whom and whether the evaluator had full information regarding Hutter's offense. Additionally, Hutter's wife and mother presented similar testimony regarding Hutter's actions in this case being an aberration, and that testimony did not persuade the Court to impose a lower sentence.  (CR No. 47 at 4-6.)  In light of these facts, Hutter demonstrates no likelihood that his suggested evidence would have altered the outcome of his sentencing hearing, and he thus fails to show prejudice.

13

Hutter further claims that the Court should have been presented with "statistics from other cases with similar charges to argue for a lower sentence," but he cites only one other case in support, and that case involved a different offense.[2]  He cites no cases from this judicial district that involve a similarly favorable plea agreement with the dismissal of more serious charges; a similar ongoing, hands-on offense; a similar abuse of position of trust, such as Hutter's position as a clergy member responsible for youth programs; and a similarly aged, live victim.  His claim that such evidence would have supported a lower sentence is thus wholly speculative.

Even if Hutter had provided evidence from and expert or statistics from other cases, there is absolutely no indication in the record that the Court was inclined to impose a lower sentence.  The Court's comments at sentencing made clear that it was primarily concerned with punishing Hutter's criminal actions in *this* case as opposed to preventing future crimes or avoiding sentencing disparities.  Hutter fails to show that his proposed evidence would have altered the outcome of his sentencing hearing, so he fails to demonstrate prejudice by the absence of such evidence.

While another attorney may have chosen to present different mitigating evidence or make different sentencing arguments, the Court must evaluate the reasonableness of counsel's representation without the distorting effects of hindsight and with substantial deference.  A thorough review of the sentencing transcript amply demonstrates that

---

[2]  Hutter cites the case against former Representative Anthony Weiner from the Southern District of New York, but Weiner pled guilty to an entirely different offense than Hutter.  *See* http://www.cnn.com/2017/09/25/politics/anthony-weiner-sentencing/index.html

counsel's performance was constitutionally sound, and Hutter suffered no prejudice by any failure to present a psycho-sexual evaluation or statistics from other cases.

**3.      Any objection based on the Court's consideration of the full facts and circumstances of the case would have been meritless, and counsel is not ineffective for failing to make meritless objections.**

Hutter claims that he receive constitutionally ineffective assistance of counsel at sentencing when counsel failed to object to the Court's consideration of an allegedly improper factor—the Court's use of the word "rape" to describe Hutter's conduct. (CV No. 1 at 10).  Because any objection would have been unavailing, this claim is meritless.

Under 18 U.S.C. § 3553(a), not only is the Court permitted to consider *all* the facts and circumstances of the offense, it is *required* to do so in reaching an appropriate sentence.  Here, the facts and circumstances of Hutter's enticement offense included that he repeatedly had sexual intercourse with a child whom the Court noted was both factually and legally incapable of consent.  (CR No. 47 at 23.)  Under the heading "rape," Black's Law Dictionary recognizes that "[u]nlawful sexual intercourse with a person under the age of consent (as defined by statute), regardless of whether it is against that person's will" is a form of rape.  Black's Law Dict. (10th Ed. 2014).  The Court was certainly entitled to use the word "rape" to describe a portion of the facts and circumstances of Hutter's enticement offense.

Even if the word was used in relation to Hutter's unadjudicated state charge, rather than in relation to the circumstances of this offense, the Court can consider such facts without violating due process as long as there is an adequate evidentiary basis with sufficient indicia of reliability to do so.  *United States v. Windless*, 719 F.3d 415, 420 (5th

15

Cir. 2013).  Given that Hutter *admitted* in his factual resume to unlawful sexual contact with a child he knew to be between 13 and 14 years old, there was indisputably evidentiary support for the Court's consideration of it.  (CR No. 19 at 2.)  And Hutter was certainly on notice that the PSR, which the Court would consider at sentencing, "may include facts that aren't in [the] factual resume at all."  (CR No. 46 at 8.)

Because the Court was obligated to consider the facts and circumstances of Hutter's offense and was free to use the word "rape" to describe his admitted unlawful sexual intercourse with a thirteen-year-old, any objection would have been meritless. "Failure to raise meritless objections is not ineffective lawyering; it is the very opposite." *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994).  This claim should be denied.

## CONCLUSION

Because Hutter fails to prove that he receive constitutionally ineffective assistance of counsel, his motion should be denied.

Respectfully submitted,

ERIN NEALY COX
United States Attorney

*s/ Amy Burch*
Amanda (Amy) R. Burch
Assistant United States Attorney
Texas Bar No. 24031900
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401
Telephone: (806) 472-7322
Facsimile: (806) 472-7351
E-mail: amy.burch@usdoj.gov

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on January 19, 2018, this response was filed with the clerk of court

for the U.S. District Court, Northern District of Texas through the electronic filing system

which will generate service to Hutter's counsel.

*s/ Amy Burch*
Amanda (Amy) R. Burch
Assistant United States Attorney

17