IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEREK HUTTER, § | | |
|     Movant, § | | |
| § | | 3:17-cv-3146-M (BT) |
| v. § | | 3:14-cr-0495-M (BT) |
| § | | |
| UNITED STATES OF AMERICA, § | | |
|     Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Derek Hutter, a federal prisoner, filed a motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. The district court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the motion should be denied.

I.

Movant pleaded guilty to enticement of a minor in violation of 18 U.S.C. § 2422(b). On October 7, 2015, the district court sentenced him to 264 months in prison. On August 16, 2016, the Fifth Circuit Court of Appeals dismissed his appeal a frivolous. *United States v. Hutter*, No. 15-11052 (5th Cir. Aug. 16, 2016) (per curiam).

On November 13, 2017, Movant filed the instant § 2255 motion. He argues he received ineffective assistance of counsel that rendered his guilty plea involuntary when:

1

1. Counsel failed to inform him of his available defenses;

2. Counsel failed to present certain mitigating evidence at sentencing; and

3. Counsel failed to object to the Court's consideration of impermissible factors at sentencing.

II.

The following stipulated facts are taken from the Factual Resume filed in the criminal case on May 14, 2015:

> [F]rom on or about January 1, 2014, through on or about September 15, 2014, in the Dallas Division of the Northern District of Texas, [Movant] used the Internet, email, and his cell phone, facilities and means of interstate and foreign commerce, to knowingly persuade[], induce[], and entice[] a minor, Jane Doe, who was between the ages of 13 and 14 years old, to engage in sexual activity for which he could have been charged with a criminal offense, specifically a violation of Sec. 21.11, Texas Penal Code, that is, Indecency with a Child, which makes it a crime to intentionally and knowingly, with a child under the age of 17, with intent to gratify the sexual desire of any person, cause the child to expose the child's genitals.
>
> More specifically, Hutter was the youth minister at the South Garland Baptist Church. The minor girl, Jane Doe, was one of the youth who participated in his youth group. Hutter used his cell phone, the Internet, and email to communicate with Jane Doe as well as person to person contact at youth group. During these conversations, he convinced Jane Doe to have a sexual relationship with him. Hutter sexually assaulted Jane Doe on several occasions between on or about January 1, 2014 through on or about September 15, 2014, by penetrating her genitals with his penis.
>
> In addition, Hutter emailed Jane Doe and requested that she send him sexually explicit and lewd and lascivious

> photos of herself naked and in different sexual positions. In particular, on August 15, 2014, Hutter requested that Jane Doe text him specific photos of herself nude including: (1) placing objects in her anus, (2) putting her panties inside her genitals, (3) putting her fingers inside her genitals and her anus, and (4) taking a photo of herself lubricated and naked.
>
> Hutter admits and acknowledges that he communicated via the Internet, his email account and a cell phone with Jane Doe knowing that she was between the ages of 13 and 14 years old. The purpose of speaking with Jane Doe was to entice her to engage in sexual acts with him, including exposing her genitals to him to gratify his sexual desire. He also admits to requesting that she send him sexually explicit photos of herself.

*United States v. Hutter*, No. 3:14-cr-45-M, Factual Resume 2-3 (ECF No. 19.)

### III.

To sustain a claim of ineffective assistance of counsel, Movant must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Movant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Even if counsel is proven deficient, Movant also must prove prejudice. To prove such prejudice, Movant must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional

3

errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

When a movant argues his guilty plea was not voluntary due to the ineffective assistance of counsel, he must show that his counsel's advice to plead guilty fell below the range of competence demanded of an attorney in a criminal case. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985); *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994). Further, he must show prejudice by establishing "but for his counsel's alleged erroneous advice, he would not have pleaded guilty but would have insisted upon going to trial." *Armstead*, 37 F.3d at 206.

1. **Guilty Plea**

Movant argues his counsel failed to inform him of available defenses, which rendered his guilty plea involuntary. He states counsel failed to advise that the following were viable defenses: (1) the victim falsely alleged a sexual relationship with Movant because she was involved in a physical relationship with her boyfriend that she was afraid would be exposed; (2) the victim "had an addiction to pornography websites and she was having 'masturbation issues' (and a review of her electronic media and databases confirmed these problems);" (3) "the alleged victim had a reputation in the community for being untruthful;" and (4) "weeks before the charge in this case, the alleged victim had been caught at a church retreat with another male." (ECF No. 1 at 5.) Movant also states he has

"unique anatomical features," and that the victim did not mention these features even though she should have been aware of them if her allegations were true. (*Id.* at 6 n.5.).

Movant has failed to show he received ineffective assistance of counsel. Although he claims the victim's electronic devices would show she had an addiction to pornography and "masturbation issues," he has submitted nothing but his own self-serving statements to support this claim. Likewise, he has submitted no evidence supporting his claims that the victim had a reputation for being untruthful, or that she was in a physical relationship with her boyfriend and was afraid this relationship would be exposed.

Movant also submitted an affidavit claiming he found the victim and another male engaging in sexual activity during a church retreat, and that he reprimanded both of them. (ECF No. 16-1.). He claims the victim and this unidentified male were angry and "had cause to harm him." (*Id.*) Although Movant stated in his Reply that he would submit affidavits from members of the church supporting this claim, (ECF No. 14 at 2 n.2), he has submitted no evidence for this claim except his own affidavit. A movant's "own affidavit, containing self-serving conclusional allegations, is insufficient" to warrant habeas relief. *United States v. Merrill*, 340 Fed Appx. 976, 978 (5th Cir. 2009); *see also Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings).

Movant also argues counsel failed to inform him of the defense that someone else was responsible for the evidence on his computer and cell phone.

He states his "cell phone and computer were accessible by everyone in the church and his passwords to these devices were in plain view to anyone who entered his office." (ECF No. 1 at 6.) He also submitted affidavits from three people who were members of an "Accountability Group," who each stated they had access and the passwords to Movant's electronic devices. (ECF No. 17.)

Movant, however, was aware of these facts prior to entering his guilty plea, and the court informed him that he was entitled to a jury trial where he had the right to present his evidence, cross-examine witnesses, and call witnesses in his favor. (ECF No. 46 at 5-6.) He stated he understood these rights, (*id.* at 6), and chose to plead guilty. Further, a forensic extraction of Movant's phone showed it had a feature that allowed Movant to hide images or files. A forensic examiner accessed these hidden images and found nine nude photos of the victim. (ECF No. 29 at 25.) Finally, although Movant argues the victim would have been aware of his "unique anatomical features," had she been telling the truth about a sexual relationship, there is no evidence in the record that the victim was not familiar with Movant's anatomy.

Movant also claims he informed counsel that he was innocent, but counsel stated, "we can't beat this," and "if you don't enter a guilty plea, you will get the maximum sentence and never see your wife and daughter again." (ECF No. 1 at 4.) A defense attorney, however, "should make informed predictions about the consequences of either pleading guilty or going to trial." *United States v. Cothran*, 302 F.3d 279, 284 (5th Cir. 2002). A defense attorney's warning about the potential for a lengthy prison sentence does not compromise the

6

voluntariness of a guilty plea. *Urseti v. Lynaugh*, 821 F.2d 1099, 1102 (5th Cir. 1987) (finding plea was voluntary where counsel warned defendant he would be lucky to get 99 years if he went to trial). Movant's claim is without merit.

Movant argues his counsel's ineffective assistance rendered his guilty plea involuntary. A defendant's guilty plea must be made voluntarily, and the defendant must "make related waivers knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Ruiz*, 536 U.S. 622, 628 (2002) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). A determination of whether a defendant understands the consequences of his guilty plea, however, does not require a trial court to determine that the defendant has a perfect understanding of the consequences. The court must only ascertain whether the defendant has a realistic or reasonable understanding of his plea. *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993).

Courts considering challenges to guilty plea proceedings "have focused on three core concerns: absence of coercion, the defendant's understanding of the charges, and a realistic understanding of the consequences of the guilty plea." *Gracia*, 983 F.2d at 627-28. A realistic understanding of the consequences of a guilty plea means that the defendant knows the "immediate and automatic consequences of that plea such as the maximum sentence length or fine." *Duke v. Cockrell*, 292 F.3d 414, 416 (5th Cir. 2002). Further, "[w]hen the record of the Rule 11 hearing clearly indicates that a defendant has read and understands his plea agreement, and that he has raised no question regarding a waiver-of-appeal

7

provision, the defendant will be held to the bargain to which he agreed." *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005) (*quoting United States v. Portillo*, 18 F.3d 290, 293 (5th Cir. 1994)).

Here, the record shows Movant voluntarily pleaded guilty. Movant stated he discussed his case and guilty plea with his attorney. (ECF 46 at 8.) He stated he read the superseding indictment with his attorney, and that he understood the charge. (*Id.* at 11.) The prosecutor read aloud the essential elements of the offense, and Movant admitted he understood each essential element and that he committed each essential element. (*Id.* at 11-12.) He stated he read the plea agreement and plea agreement supplement, that he reviewed them with his attorney, and that he understood everything in them. (*Id.* at 14.) He stated he voluntarily signed the plea agreement. (*Id.* at 16.) He stated he read the factual resume, that he discussed the factual resume with his attorney, and that the statements in the factual resume were true and correct. (*Id.* at 19.)

Although Movant claims his plea was involuntary because he relied on his counsel's statement that "his sentence would likely be between five and ten years of imprisonment," (ECF No. 1 at 4-5), the record contradicts this claim. At the plea hearing, the prosecutor read aloud the minimum and maximum penalties for the offense. (ECF No. 46 at 17.) The minimum penalty was ten years, and the maximum penalty was life. (*Id.*) Movant stated he understood the minimum and maximum penalties. (*Id.* at 18.) He stated he understood the judge would determine his sentence and that he could not depend on anyone's prediction,

including his attorney's, as to exactly what his sentence would be. (*Id.*) Movant has failed to show his guilty plea was not knowingly and voluntarily entered.

### 2. Mitigating Evidence

Movant claims counsel was ineffective when counsel: (1) failed to present expert testimony and a psycho-sexual evaluation to show he is not a risk for committing future sexual crimes; and (2) counsel should have "presented statistics from other cases with similar charges to argue for a lower sentence." (ECF No. 1 at 9.)

Movant has submitted no expert evidence that he is not a risk for committing future sexual crimes. Although he claims he was evaluated by Psychologist Dr. Judith Curtis, he states "Dr. Curtis is dealing with some medical issues, which has delayed the completion of her written report. . . . As soon as Dr. Curtis' report is completed, undersigned counsel will provide the report to the Court." (ECF 14 at 4 n. 4.) Movant has submitted no expert report or other evidence supporting this claim. The claim should be denied. *See Martin v. McCotter*, 796 F.2d 813, 819 (5th Cir. 1986) (stating "hypothetical or theoretical testimony will not justify the issuance of a writ").

Movant has also failed to show counsel was ineffective when counsel did not present statistics from other cases with similar charges to argue for a lower sentence. Movant cites only one case, the case of former United States Representative Anthony Weiner, to support his claim. (ECF No. 1 at 9.) Movant, however, has failed to show that Anthony Weiner pleaded guilty to the same charge, or that the facts in Anthony Weiner's case were similar to the facts in his

case. He has failed to show that but for his counsel's failure to raise the Anthony Weiner case at sentencing, there is a reasonable probability that his sentence would have been lower. This claim should be denied.

### 3. Sentencing

Movant claims counsel failed to object when the district judge improperly considered his pending state court charge for sexual battery, and when the district judge stated Movant had committed rape.

At sentencing, the district court stated:

> For all intents and purposes, although the crime is charged differently in federal court, you raped a child.
>
> * * *
>
> You are a person who raped a child. And let's not call it something else, because that's what you did.

(ECF No. 47 at 24, 26.)

Movant argues he did not plead guilty to rape, and he was not convicted of the state charge at the time of sentencing, therefore the court's consideration of these factors was not permissible. Movant, however, admitted that he repeatedly had sexual intercourse with the victim, who was between thirteen and fourteen years old.[1] (ECF No. 19 at 2-3.) Further, criminal conduct that does not result in a conviction may be considered by the court at sentencing. *United States v.*

---

[1]   Statutory rape laws generally prohibit sexual intercourse between an adult and a minor who is under the age of consent. *Esquivel-Quintana v. Sessions*, ___ U.S. ___, 137 S. Ct. 1562, 1569 (2017). Under Texas law, the age of consent is seventeen. Tex. Penal Code § 22.011.

*Fuentes,* 775 F.3d 213, 219 (5th Cir.2014) (citing *United States v. Lopez-Velasquez,* 526 F.3d 804, 807 (5th Cir. 2008)). This claim is without merit.

IV.

For the foregoing reasons, the motion to vacate, set-aside, or correct sentence under § 2255 be DENIED.

Signed December 26, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).