IN THE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | |
|---|---|
| DEREK HUTTER,<br><br>    Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Case Nos:    3:17-cv-3146-M (BT)<br>                  3:14-cr-0495-M (BT) |

**MOVANT'S OBJECTIONS TO THE REPORT AND RECOMMENDATION**

The Movant, DEREK HUTTER, by and through undersigned counsel, raises the following objections to the Report and Recommendation issued by the Magistrate Judge (Doc 18).

**Ground one: Defense counsel rendered ineffective assistance of counsel by failing to advise the Defendant regarding available defenses in this case.**

For all of the reasons set forth in his 28 U.S.C. § 2255 motion and reply (Docs 1 & 14), the Movant asserts that defense counsel rendered ineffective assistance of counsel by failing to advise him regarding available defenses in this case and therefore he objects to the Magistrate Judge's recommendation that this claim be denied.  In the Report and Recommendation, the Magistrate Judge cites an unpublished opinion from the Fifth Circuit (*United States v. Merrill*, 340 Fed. Appx. 976, 978 (5th Cir. 2009)) and states that "movant's

'own affidavit, containing self-serving conclusional allegations, is insufficient' to warrant habeas relief." (Doc 18 - Pg 5). The Movant respectfully submits that several courts – including the Supreme Court – have held that a movant's specific assertions in his or her own affidavit are sufficient to require an evidentiary hearing in a § 2255 proceeding. *See Machibroda v. United States*, 368 U.S. 487, 495 (1962) (holding that the petitioner in that case was entitled to an evidentiary hearing because his "motion and affidavit contain[ed] charges which [we]re detailed and specific"); *United States v. Cardenas*, 302 Fed. Appx 14, 17 (2d. Cir. 2008) ("Cardenas made sufficiently specific allegations under oath to raise issues of material fact as to the existence of the alleged oral agreement, and the record was insufficient to deny the motion without further inquiry."); *Raines v. United States*, 423 F.2d 526, 532 (4th Cir. 1970) ("Without holding a hearing, and solely on the basis of affidavits, the district judge resolved the facts against *Machibroda*. The Supreme Court held this procedure to be error, because the case was not one where 'the motion and the files and records . . . conclusively show that the prisoner is entitled to no relief.' Although Machibroda's assertions were 'improbable,' they were not 'incredible,' and therefore a hearing was required."); *Rouse v. Brown*, 2010 WL 569749 (W.D. Kent. Feb. 11, 2010) (granting a § 2255 hearing based on the allegations set forth in the petitioner's motion and his own affidavit). *See also Bryan v. United States*, 492 F. 2d 775, 783 (5th Cir. 1974) ("More important, *Machibroda* seems clearly to allow a hearing on the strength of the petitioner's own affidavit without supporting papers.") (Goldberg, J., concurring in part and dissenting in part).

In the Report and Recommendation, the Magistrate Judge further states that "Movant, however, was aware of the[] facts [alleged in his § 2255 motion] prior to entering his guilty plea . . . and chose to plead guilty." (Doc 18 - Pg 6). As explained in the § 2255 motion and reply, the Movant pled guilty because defense counsel erroneously informed him that he had no viable defense in this case. A guilty plea is not entered knowingly, intelligently, and voluntarily if the defendant does not have knowledge of viable defenses to the crime. *See Ivy v. Caspari*, 173 F.3d 1136, 1143 (8th Cir. 1999) ("In addition to the failure of the trial court and counsel to explain fully the elements of the offense to which Ivy pleaded guilty, other circumstances cast doubt on the voluntariness of Ivy's plea. . . . Counsel's failure to advise Ivy of the possible defense of mental illness and his failure to bring the report to the trial court's attention are additional indicia of his ineffective assistance and provide additional grounds for the district court's finding that Ivy's plea was not knowingly and voluntarily entered."); *McGraw v. United States*, 106 F.3d 391, 1997 WL 34431 at *1 (4th Cir. 1997) (unpublished) ("'Because a guilty plea is valid only if it represents a knowing and voluntary choice among alternatives,' defense counsel has a duty to investigate possible defenses and to advise the defendant so that he can make an informed decision.") (quoting *Savino v. Murray*, 82 F.3d 593, 599 (4th Cir. 1996)). After the Movant was convicted, he conducted his own research and consulted with different counsel and he learned, for the first time, that he did, in fact, have viable defenses in this case (as set forth in the § 2255 motion). Had defense counsel properly told the Movant about his viable defenses in this case, the

Movant would not have entered a guilty plea and instead would have proceeded to trial and presented these defenses.

Accordingly, the Movant requests the Court to grant an evidentiary hearing on this claim.

**Ground two: Defense counsel rendered ineffective assistance of counsel by failing to properly present mitigation during the sentencing hearing.**

For all of the reasons set forth in his § 2255 motion and reply (Docs 1 & 14), the Movant asserts that defense counsel failed to properly present mitigation during the sentencing hearing and therefore he objects to the Magistrate Judge's recommendation that this claim be denied.

**Ground three: Defense counsel rendered ineffective assistance of counsel by failing to object to the sentencing court's consideration of an impermissible factor during the sentencing hearing**.

For all of the reasons set forth in his § 2255 motion and reply (Docs 1 & 14), the Movant asserts that it was a violation of his constitutional due process rights for the sentencing judge in this case to consider a separate pending charge when imposing the sentence[1] and therefore he objects to the Magistrate Judge's recommendation that this claim be denied.

---

[1] *See, e.g., Yisrael v. State*, 65 So. 3d 1177, 1178 (Fla. 1st DCA 2011) (holding that "[c]onsideration of pending . . . charges during sentencing results in a denial of the defendant's due process rights").

**If the Court adopts the Report and Recommendation, the Court should grant a certificate of appealability.**

As explained above, the Movant requests the Court to grant an evidentiary hearing on his § 2255 motion. However, if the Court adopts the Report and Recommendation, the Movant requests the Court to grant a certificate of appealability (hereinafter "COA").

**1.      Standard for issuance of a COA**.

28 U.S.C. § 2253(c)(1) provides that "[u]nless a circuit justice or judge issues a [COA], an appeal may not be taken to the court of appeals from — (B) the final order in a proceeding under Section 2255." 28 U.S.C. § 2253(c)(2) further provides that "[a] [COA] may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right." Finally, 28 U.S.C. § 2253(c)(3) provides that "[t]he [COA] under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2)."

In *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003), the Supreme Court observed that a COA will issue only if the requirements of § 2253 have been satisfied. "§ 2253(c) permits the issuance of a COA only where a petitioner has made a substantial showing of the denial of a constitutional right." *Id.* "Under the controlling standard, a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.*

The Supreme Court in *Miller-El* recognized that a determination as to whether a COA should be issued "requires an overview of the claims in the habeas petition and a general

assessment of their merits." *Id.* The Supreme Court looked to the district court's application of AEDPA to Mr. Miller-El's constitutional claims and asked whether that resolution was debatable amongst jurists of reason. The Supreme Court explained:

> This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it. When a court of appeals side steps this process by first deciding the merits of an appeal, and then justifying its denial of a COA based on its adjudication of the actual merits, it is in essence deciding an appeal without jurisdiction.
> 
> To that end, our opinion in *Slack* [*v. McDaniel*, 529 U.S. 473 (2000),] held that a COA does not require a showing that the appeal will succeed. Accordingly, a court of appeals should not decline the application for a COA merely because it believes the applicant will not demonstrate an entitlement to relief. The holding in *Slack* would mean very little if appellate review were denied because the prisoner did not convince a judge, or, for that matter, three judges, that he or she would prevail. It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the prisoner "has already failed in that endeavor." *Barefoot* [*v. Estelle*, 463 U.S. 880,] 893 n.4. [(1983)].

*Id.* at 336-37. The Supreme Court proceeded to stress that the issuance of a COA must not be a matter of course. The Supreme Court clearly defined the test for issuing a COA as follows:

> A prisoner seeking a COA must prove "something more than the absence of frivolity" or the existence of mere "good faith" on his or her part. *Barefoot*, at 893. We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail. As we stated in *Slack*, "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S. at 484.

*Id.* at 338.

### 2. Reasonable jurists would find the Defendant's § 2255 claims debatable.

The Movant has made "a substantial showing of the denial of a constitutional right." The Movant's claims – and in particular ground one – are matters debatable among jurists of reason. Thus, the Movant meets the standard for obtaining a COA – his claims are "adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336. Accordingly, the Movant requests the Court to issue a COA in this case.

Respectfully submitted,

/s/ William Lloyd Welter, III
WILLIAM LLOYD WELTER, III
William L. Welter, PA
1688 Meridian Avenue, Floor 7
Miami Beach, FL 33139-2708
(305) 372-9800/fax (877) 395-1110
FL Bar No. 515094
Email: willwelter@aol.com

/s/ Michael Ufferman
MICHAEL UFFERMAN
Michael Ufferman Law Firm, P.A.
2022-1 Raymond Diehl Road
Tallahassee, Florida 32308
(850) 386-2345/fax (850) 224-2340
FL Bar No. 114227
Email: ufferman@uffermanlaw.com

Counsel for Petitioner **HUTTER**

s/ George E. Ashford, III
GEORGE E. ASHFORD, III
325 North Street Paul, Tower II
Suite 2475
Dallas, Texas 75201
(214) 922-0212/fax (214) 922-0294
TX Bar No. 013745305
Email: GeoAIII@aol.com

Local Counsel

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY a true and correct copy of the foregoing instrument has been furnished to:

Assistant United States Attorney Amy Burch

by electronic CM/ECF delivery this 23rd day of January, 2019.

   s/ William Lloyd Welter, III
WILLIAM LLOYD WELTER, III
William L. Welter, PA
1688 Meridian Avenue, Floor 7
Miami Beach, FL 33139-2708
(305) 372-9800/fax (877) 395-1110
FL Bar No. 515094
Email: willwelter@aol.com

   s/ Michael Ufferman
MICHAEL UFFERMAN
Michael Ufferman Law Firm, P.A.
2022-1 Raymond Diehl Road
Tallahassee, Florida 32308
(850) 386-2345/fax (850) 224-2340
FL Bar No. 114227
Email: ufferman@uffermanlaw.com

Counsel for Petitioner **HUTTER**

s/ George E. Ashford, III
GEORGE E. ASHFORD, III
325 North Street Paul, Tower II, Suite 2475
Dallas, Texas 75201
(214) 922-0212/fax (214) 922-0294
TX Bar No. 013745305
Email: GeoAIII@aol.com

Local Counsel